IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE #1, *et al.* | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:06-cv-02131-EGS |
| ANDREW C. VON ESCHENBACH | ) |
| COMMISSIONER | ) |
| FOOD AND DRUG ADMINISTRATION, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' OBJECTION TO
PLAINTIFFS' RELATED CASE DESIGNATION**

For unknown reasons, Plaintiffs have designated this case as a "related case," pursuant to the Local Rules, to Case No. 1:03-cv-00707-EGS, a case which is no longer pending on the merits. The two cases are clearly not "related cases" pursuant to the Local Rules, and this case should be transferred to the Calender Committee for assignment pursuant to Local Rule 40.3(a).

**BACKGROUND**

In general, the rule in this judicial district is that civil cases "shall be assigned to Judges of this court selected at random" in the manner specified in the local rules. LCvR 40.3(a). "The general rule requiring random assignment of cases 'guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping.'" *Lucas v. Barreto*, 2005 WL 607923, at *3 (D.D.C. Mar. 16, 2005) (Sullivan, J.) (quoting *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000) (op. of Calender Committee)). "The fundamental rationale for the general rule requiring random assignment of cases is to ensure greater public confidence in the integrity of the

judicial process." *Dale v. Executive Office of the President*, 121 F. Supp.2d 35, 37 (D.D.C. 2000) (op. of Calender Committee).

The local rules provide certain limited exceptions to the random assignment rule that are intended to "enable the most efficient use of limited judicial resources while at the same time protecting the various parties' rights to have their claims and arguments heard and decided by an impartial decision-maker." *Clifford v. United States*, 136 F.3d 144, 148 (D.C. Cir. 1998); *see also Lucas*, 2005 WL 607923, at *3; *Tripp*, 196 F.R.D. at 202. The related case rule thus "stands as an exception to the general rule of random assignment of cases in the District Court." *Dale*, 121 F. Supp.2d at 37. The party who seeks an exception to the random assignment rule has the burden to demonstrate that the cases are related under one of the limited exceptions set forth in LCvR 40.5(a)(3). *Id.*; *accord Burt Lake Band of Ottawa & Chippewa Indians v. Norton*, 2001 WL 1701669 at *1 (D.D.C. 2001) ("The party who seeks to avoid random assignment bears the burden of showing that the cases are related under Rule 40.5.")

Plaintiffs have designated this case as a "related case" to Case No. 1:03-cv-00707-EGS, but, in violation of Local Rule 40.5(b)(5), they have not served Defendants with a related case form. Defendants thus do not know Plaintiffs' alleged basis for the designation. Nevertheless, it is clear from the Local Rules that the designation was improper and that the case should be randomly assigned pursuant to Local rule 40.3(a).

**ARGUMENT**

I.     **The Cases Are Not "Related Cases" Pursuant to Local Rule 40.5(a)(3) Because Case 1:03-cv-00707-EGS Is Not "Pending on the Merits"**

Under LCvR 40.5(a)(3), "[c]ivil . . . cases are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement of the same patent." See also LCvR 40.5(b)(2) (procedure for filing civil related case designation). When a defendant objects to a designation that cases are related pursuant to LCvR 40.5(b)(2), the judge to whom the case is assigned shall determine the matter. LCvR 40.5(c)(3). And, under subsection (c)(1), "[i]f a judge who is assigned a case under this procedure determines that the cases in question are not related, the judge may transfer the new case to the Calendar Committee" for reassignment.

Under Local Rule 40.5(a)(3), a case can only be related to an earlier case where the earlier case is still "pending *on the merits*." LCvR 40.5(a)(3) (emphasis supplied). The merits of Case No.1:03-cv-00707-EGS have been decided by this Court (*see Doe v. Rumsfeld*, 341 F. Supp. 2d 1 (D.D.C. 2004)) and the defendants' appeal of that case was dismissed as moot (*see Doe v. Rumsfeld*, 172 Fed. Appx. 327 (D.C. Cir. 2006)). The only issue remaining in that case is the plaintiffs' motion for attorneys fees (*see* Docket No. 135 of that case). A petition for attorneys fees in a case already resolved in district court (and where the appeal was dismissed as moot) is obviously not pending on the merits. *See, e.g.*, *Moore v. NASD*, 762 F.2d 1093, 1101-04 (D.C. Cir. 1985) (attorneys fees are different issue than "merits" of the litigation). Indeed, the issues that may arise in any dispute over attorneys fees "are narrowly circumscribed and are far

3

removed from the . . . claims alleged in the original complaint." *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 20 (D.D.C. 2002). Because Case No.1:03-cv-00707-EGS is no longer pending on the merits, this case cannot be a "related case" under LcvR 40.5(a)(3).

**II.    The Cases Are Not "Related Cases" Pursuant to Local Rule 40.5(a)(4) Because Case No. 1:03-cv-00707-EGS Has Not Been Dismissed and the Cases Do Not Involve Identical Parties**

Similarly, the two cases are not related under Local Rule 40.5(a)(4), which applies only "where a case is dismissed, with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter." LCvR 40.5(a)(4). This rule obviously does not apply as Case No. 1:03-cv-00707-EGS was not dismissed either with or without prejudice. Quite the opposite, the Court entered an injunction. *See Doe v. Rumsfeld*, 341 F. Supp. 2d 1, 19 (D.D.C. 2004).

Additionally, Plaintiffs have not established that the two cases involve the same parties. This district "has adopted a strict position that 'the same parties' means identical parties, not parties in interest." *Dale*, 121 F. Supp. 2d at 37 (quotation and alteration omitted). The Plaintiffs here–currently denominated only as John Does # 1-5 and Jane Doe # 1–do not appear to be identical to the plaintiffs in Case No. 1:03-cv-00707-EGS–denominated as John Does #1-4 and Jane Doe # 1-2. In any event, because Plaintiffs bear the burden of proving a related case, they have the burden of proving that the plaintiffs in each action are the same.

**CONCLUSION**

For the reasons stated above, Defendants' objection to Plaintiffs' related case designation should be sustained, and this case should be transferred to the Calender Committee for assignment pursuant to Local Rule 40.3(a).

January 5, 2007                                Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

VINCENT GARVEY
Deputy Branch Director


   /s/ Jeffrey M. Smith
JEFFREY M. SMITH (Bar No. 467936)
Trial Attorney
United States Department of Justice
20 Massachusetts Ave., N.W., Room 7144
Washington, D.C. 20001
Tel: (202) 514-5751
Fax: (202) 616-8202

*Counsel for Defendants*