IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE #1, *et al.* | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:06-cv-02131-EGS |
| ANDREW C. VON ESCHENBACH | ) |
| COMMISSIONER | ) |
| FOOD AND DRUG ADMINISTRATION, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX-PARTE MOTION
FOR LEAVE TO FILE COMPLAINT USING "JOHN DOES" AND "JANE
DOES" AND COUNSEL'S ADDRESS IN VIOLATION OF LCvR 5.1(e)**

Plaintiffs have filed this litigation challenging the Food and Drug Administration's ("FDA") scientific determinations in its December 19, 2005 Order determining that Anthrax Vaccine Adsorbed ("AVA") is safe and effective and not misbranded, *see* 70 Fed. Reg. 75,180 (Dec. 19, 2005), and the Department of Defense's ("DoD") decision to reinstitute mandatory inoculations of the vaccine for certain military personnel, DoD civilian employees, and DoD contractors whom DoD has determined to be at risk for exposure to anthrax. The Complaint alleges that Plaintiffs are "active duty service members, Reservists, National Guardsmen and civilian employees and/or DoD contractors who have been ordered, or will be ordered, perhaps imminently, to take AVA as part of their military duties or employment obligations." Compl. ¶ 1. Plaintiffs, however, have declined to reveal themselves in accordance with Federal Rule of Civil Procedure 10(a), and the Local Rules of this Court, instead filing this case as John and Jane Does, and using their counsel's office address in place of their own addresses. *See id.* at 1.

On December 14, 2006, Plaintiffs filed an Ex-Parte Motion, seeking leave to file their Complaint pseudonymously "in order to protect their identities." Docket No. 1, at 2. Plaintiffs' Motion contains no factual support or legal reasoning (in violation of Federal Rule 7(b)(1) which requires motions to "state with particularity the grounds therefore"), but relies on a declaration of Plaintiffs' counsel, which was filed under seal and not provided to Defendants. *See id.* On the same day, Acting Chief Judge Lamberth entered an Order permitting Plaintiffs to file their Complaint pseudonymously "without prejudice to further consideration by the assigned judge . . . if the defendants file an opposition to the John Doe Motion when they respond to the complaint." Docket No. 2, at 2. Defendants now file this Opposition to Plaintiffs' John Doe Motion.[1]

As discussed below, this Court's recent precedent holds that pseudonymous litigation should be permitted, if ever, only in rare circumstances that do not pertain here, and D.C. Circuit precedent states that plaintiffs should never be able to withhold their identities from the defendants. For these reasons, Plaintiffs' Motion should be denied, and Plaintiffs should be required to refile their Complaint in conformance with the Federal and Local Rules.

## ARGUMENT

**I.  Plaintiffs Have Failed To Justify Proceeding Pseudonymously**

As this Court has noted, "[t]he Federal Rules of Civil Procedure [and] this Court's Local Civil Rules require that complaints state the names of parties; they make no provision for

---

[1] Plaintiffs' Complaint was served on the Office of the United States Attorney on December 27, 2006, making Defendants' response due on February 25, 2007. *See* Fed. R. Civ. P. 12(a)(3)(A) (an agency of the United States shall respond to a Complaint within 60 days of service on the United States Attorney). Because Plaintiffs have designated this case as having a potential preliminary injunction motion and because the identity of the Plaintiffs is relevant to Defendants' response to the Complaint, Defendants are filing this Opposition earlier than the due date set by Judge Lamberth.

pseudonymous litigation." *Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005); *accord Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (Federal Rules contain "no provision for suits by persons using fictitious names or for anonymous plaintiffs."). Indeed, the Federal Rules require that "[i]n the Complaint[,] the title of the action shall include the names of *all the parties*." Fed R. Civ. P. 10(a) (emphasis supplied). The Local Rules require that "[t]he first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." LCvR 5.1(e); LCvR 11.1.

These requirements exist because "[r]equiring parties to disclose their identities furthers the public interest in knowing the facts surrounding judicial proceedings." *Qualls*, 228 F.R.D. at 10 (citing *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); *accord United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (per curiam) ("[P]arties to a lawsuit must typically openly identify themselves in their pleadings to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." (quotation and alteration omitted)). Thus, "the federal courts operate openly by default and [a] defendant facing a pseudonymous plaintiff need not come forward with reasons why this default procedure should be followed." *Qualls*, 228 F.R.D. at 13.

Before granting the "rare dispensation" of "anonymity against the world (but not the [opposing party]),"[2] the District Court "has a judicial duty to inquire into the circumstances of particular cases to determine whether dispensation is warranted." *Microsoft*, 56 F.3d at 1464. "The 'rare dispensation' of allowing parties to proceed pseudonymously is only justified in the 'critical' case or the 'unusual case.'" *Qualls*, 228 F.R.D. at 10 (quoting *James v. Jacobson*, 6

---

[2] Anonymity against the opposing party is never permitted. *See infra* Part II.

F.3d 233, 238 (4th Cir. 1993) and *Advanced Textile*, 214 F.3d at 1067). "A plaintiff's desire merely to avoid the annoyance and criticism that may attend any litigation is not sufficient to justify pseudonymous proceedings." *Id.* at 11 (quotation omitted). Additionally, "a threat of economic harm alone does not generally permit a court to let litigants proceed under a pseudonym." *Id.*

The rarity in which pseudonymous litigation is appropriate is illustrated by this Court's opinion in *Qualls*. In that case, soldiers who were serving in, or en route to, Iraq challenged the military's Stop Loss policy which extended the soldiers' terms of service against their wishes. 228 F.R.D. at 9. Six of the seven plaintiffs sought to proceed as Doe plaintiffs, contending that disclosure of their names could lead to "increased tension within [their] units and retaliatory conduct that could lead to Doe plaintiffs' injury or death while serving in combat." *Id.* at 11. The plaintiffs presented three third-party declarations which "allege[d] retaliation or bias against free-speaking military personnel and their families." *See id.* This Court rejected the plaintiffs' contention, holding that these declarations did not "show the kind of risk of physical or other injury to Doe plaintiffs that would be necessary to permit them to proceed under pseudonyms." *Id.* As this Court held: "[F]ears of embarrassment or vague, unsubstantiated fears of retaliatory actions by higher-ups do not permit a plaintiff to proceed under a pseudonym." *Id.* at 12.[3]

---

[3] *Accord Doe v. Rostker*, 89 F.R.D. 158, 161-63 (N.D. Cal. 1981) (plaintiffs who challenged military draft registration and claimed fear of "retaliatory conduct or other reprisals which may jeopardize their attempts to obtain conscientious objector status in the future" were not entitled to proceed pseudonymously because those fears are "both speculative and prospective" and "the need to maintain individual privacy rights [was outweighed by] the right of the public and the defendants to know all the facts surrounding judicial proceedings"); *see also Unofficial Comm. of Qwest Noteholders v. Qwest Communications Int'l. Inc.*, 2002 WL 31833222, at *1 (S.D.N.Y. Dec. 16, 2002) (denying plaintiffs' request to remain anonymous because "the public has a right of access to the courts"); *Doe v. United States Dep't of Justice*, 93

Plaintiffs' argument here for proceeding pseudonymously is similar to, but weaker than, the argument that this Court rejected in *Qualls*. Both cite fears of retaliatory actions for opposing military policies, and in both cases these fears are unsubstantiated. But, while the *Qualls* plaintiffs were attempting to get out of the military, an action that might be viewed as an abandonment of colleagues and could, in theory, trigger retaliation, the relief sought here could not be seen as abandoning peers to face alone the dangers of combat, making retaliation much more unlikely. Additionally, while the *Qualls* plaintiffs provided three third-party declarations, Plaintiffs here have presented only a declaration of their counsel. Moreover, they have filed this declaration under seal and have not provided a copy to Defendants, making it impossible for Defendants to contest any factual allegations in the declaration. In any event, as a declaration of counsel, it is likely hearsay, and not based on personal knowledge. *See Qualls*, 228 F.R.D. at 11 (discounting portion of declaration because it was "unreliable hearsay"). Like the *Qualls* plaintiffs, Plaintiffs here have not provided direct evidence that would demonstrate "the kind of risk of physical or other injury" that would be necessary for the "rare dispensation" of pseudonymous litigation. Plaintiffs thus should not be allowed to proceed as "Does."

**II.     Plaintiffs' Names Must Be Disclosed to Defendants**

The D.C. Circuit has made it clear that, even in the rare cases where plaintiffs are permitted to remain anonymous to the public, they cannot properly remain anonymous to the defendants. In *United States v. Microsoft Corp.*, the Circuit Court was "distressed by the district judge's decision to allow [plaintiffs] to proceed anonymously." 56 F.3d 1448, 1463 (D.C. Cir.

---

F.R.D. 483, 484 (D. Colo. 1982) ("[L]awsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among the facts is the identity of the parties.").

1995) (per curiam).  The court observed: "We are not aware of any case in which a plaintiff was allowed to sue a defendant and still remain anonymous to that defendant.  Such proceedings would, as [defendant] argues, seriously implicate due process." *Id.*  Based on these considerations, the Court held that "[b]asic fairness dictates that those among the defendants' accusers who wish to participate as individual party plaintiffs must do so under their real names." *Id.* at 1463-64 (quotation and alteration omitted).

Indeed, Defendants here will be at a serious and unfair disadvantage if they are unable to learn Plaintiffs' identities.  Defendants are currently unable to fully determine whether this Court even had jurisdiction, because it cannot test Plaintiffs' allegations relating to Article III standing.  Defendants also cannot fairly defend against Plaintiffs' allegations that they would be adequate class representatives.  *See* Compl. ¶¶ 8-9.  "To permit this case to progress in this manner would deny the defendants any ability to defend against the claims against them, as it is virtually impossible to determine the precise activities of which plaintiffs complain." *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 n.2 (10th Cir. 1989).  Thus, as the D.C. Circuit held in *Microsoft*, principles of basic fairness and due process require that Plaintiffs' identities be disclosed to Defendants.

## **CONCLUSION**

For the reasons stated above, Plaintiff's John Doe Motion should be denied.

January 5, 2007                                              Respectfully submitted,

                                                                         PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

VINCENT GARVEY
Deputy Branch Director


    /s/ Jeffrey M. Smith
JEFFREY M. SMITH (Bar No. 467936)
Trial Attorney
United States Department of Justice
20 Massachusetts Ave., N.W., Room 7144
Washington, D.C. 20001
Tel: (202) 514-5751
Fax: (202) 616-8202

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE #1, *et al.* ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | |
| ) Case No. 1:06-cv-02131-EGS | |
| ANDREW C. VON ESCHENBACH ) | |
| COMMISSIONER ) | |
| FOOD AND DRUG ADMINISTRATION, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**[proposed] ORDER**

Upon consideration of Plaintiffs' Ex Parte Motion for Leave To File Complaint Using "John Does" and "Jane Does" and Counsel's Address in Violation of LcvR 5.1(e) and Defendants' Opposition thereto, it is ORDERED that:

Plaintiffs' Motion is DENIED; and it is

FURTHER ORDERED that Plaintiffs file, within 5 days, an Amended Complaint complying with this Court's Local Civil Rule 5.1(e)(1), which requires that a complaint caption contain the name and full address of each plaintiff; and it is

FURTHER ORDERED that any plaintiff who fails to provide his or her real name and full address will have his or her claims against defendants dismissed without prejudice.

Dated: _____                              _____
                                                United States District Judge