IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE #1, *et al.* | )<br>)<br>) |
| Plaintiffs | )<br>) |
| v. | )<br>) Case No. 1:06-cv-02131-EGS<br>) |
| ANDREW C. VON ESCHENBACH<br>COMMISSIONER<br>FOOD AND DRUG ADMINISTRATION, *et al.* | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS' SUR-REPLY REGARDING
PLAINTIFFS' EX-PARTE MOTION FOR LEAVE TO FILE
COMPLAINT USING "JOHN DOES" AND "JANE DOES"
AND COUNSEL'S ADDRESS IN VIOLATION OF LCvR 5.1(e)**

Plaintiffs' Reply Brief and the attached declarations from counsel fail to provide an adequate basis for pseudonymous litigation. *See* Docket No. 12. None of the evidence or arguments of Plaintiffs distinguishes them in any relevant manner from the plaintiffs in *Qualls v. Rumsfeld*, 228 F.R.D. 8 (D.D.C. 2005), where the court held that anonymity was not warranted. Moreover, Plaintiffs fail to even address the binding precedent of *United States v. Microsoft Corp.*, 56 F.3d 1448 (D.C. Cir. 1995), which requires that even pseudonymous plaintiffs be identified to the defendants.

**I.      The Assertions in the Declarations Submitted by Plaintiffs Are Insufficient To Justify the Extraordinary Measure of Pseudonymous Litigation**

Pseudonymous litigation is allowed only in extraordinary circumstances because it has a deleterious effect on the judicial process and the public interest:

> [W]hen courts require litigants to use real names, they encourage suits by the most zealous, passionate, and sincere litigants, those who are willing to place their

>personal and public stamp of approval upon their causes of action. While a few valid causes of action, by plaintiffs' own choices and calculations, may stay out of court, so will many more frivolous and less heartfelt causes, which is in the interest of both the public and the courts.

*Qualls*, 228 F.R.D. at 13.

Plaintiffs have fallen far short of demonstrating the extraordinary circumstances that would be necessary for pseudonymous litigation. The assertions in the declarations submitted by Plaintiffs in this case contain the same inadequacies that the court identified in *Qualls*, including that they are based on hearsay, that they are speculative, and that they offer no evidence of the type of retaliatory risk that could justify pseudonymous litigation.

Plaintiffs have submitted two declarations, one from each of their counsel. As declarations of counsel, these declarations "do not speak from personal knowledge" and thus "are unreliable hearsay." *Qualls*, 228 F.R.D. at 12. Moreover, these declarations are entirely speculative, are largely based on assertions about non-analogous events, and do not even attempt to establish a likelihood of the type of retaliation that might justify the maintenance of anonymity.

The speculative nature of the Declaration of John J. Michels, Jr., Esq., is evident in Mr. Michels' statement that "plaintiffs and their counsel in this case *feel* that they will face severe and significant retaliation and repercussions." Michels Decl. ¶ 4 (emphasis supplied). Moreover, the "significant retaliation and repercussions" that Mr. Michels fears, *i.e.*, "poor performance evaluations, unfavorable job reassignments, denial of selective or career-enhancing duty assignments, administrative discipline, and loss of employment," *id.*, are precisely the type of feared retaliation that *Qualls* held does *not* justify pseudonymous litigation. *See Qualls*, 228

F.R.D. at 12 (harms such as "demotion and pay suspension" are "economic harms" that "do[ ] not generally permit a court to let litigants proceed under pseudonym").

The Declaration of Mark S. Zaid, Esq. has the virtue of candidly admitting its speculative nature: "Can I unequivocally state that repercussions or retaliation will be experienced by each of the plaintiffs were their identities to be known?  No, I cannot." Zaid Decl. ¶ 10.  Moreover, Mr. Zaid's fears are based mainly on former clients who have claimed negative experiences after being court marshaled.  *Compare Qualls*, 228 F.R.D. at 12 (harms that resulted to others after an internal Army investigation, "even if allegedly a bit harsh," did not justify pseudonymous litigation).  And, both he and Mr. Michels (*see* Michels Decl. ¶ 5-6) base their concerns on the alleged experiences of non-parties who have claimed repercussions for things other than filing lawsuits.  This is clearly insufficient.  *See Qualls*, 228 F.R.D. at 11 ("[W]hile each declaration alleges retaliation or bias against free-speaking military personnel and their families, none alleges retaliation in connection with bringing suit in court.").  Finally, the alleged retaliation that Mr. Zaid relays, pertains to things such as undesirable assignments (*e.g.*, "trivial or embarrassing tasks such as raking rocks," Zaid Decl. ¶ 9) which are types of job-related harm that *Qualls* found insufficient.  *Qualls*, 228 F.R.D. at 12.  In short, nothing in these declarations "show the kind of risk of *physical* injury to Doe plaintiffs that would be necessary to permit them to proceed under pseudonyms." *Id.* at 11 (emphasis supplied); *accord id.* at 12 ("None of the evidence demonstrates that Doe plaintiffs are likely to face physical retaliation as a result of filing this lawsuit; therefore they cannot proceed under pseudonyms.").

The portions of Mr. Zaid's declaration that purport to relay statements directly from the Plaintiffs provide even less basis for pseudonymous litigation.  For example, the statement

3

attributed to John Doe #2 demonstrates how Plaintiffs have *not* justified proceeding pseudonymously.  Major Doe #2 avers that, although he "ha[s] been involved in protestations concerning the anthrax vaccine for more than five years," his "career has progressed nicely." Zaid Decl. ¶ 11(a).  Moreover, the "retaliation" that he fears – "the feeling of being a second class citizen," the fear that he could "have his character attacked, [be] discredited, [be] denied advancement/promotion, and [be] labeled as 'non-patriotic,'" or that he may again be "ordered to 'not be disruptive,'" *id.* – are precisely the type rejected in *Qualls*.  *See* 228 F.R.D. at 11 ("A plaintiff's desire 'merely to avoid the annoyance and criticism that may attend any litigation' is not sufficient to justify proceeding pseudonymously" (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)); *id.* at 12 (job-related economic harm insufficient); *id.* ("fears of embarrassment" insufficient).

John Doe # 3 avers, without specifics or factual support, that "it would be detrimental to [his] status as a soldier to be revealed as [he] would be found by fellow soldiers and command to be against military cohesion" and thus possibly "the target of retaliation."  Zaid Decl. ¶ 11(b). This too is precisely the type of statement that the court rejected in *Qualls*.  *See* 228 F.R.D. at 12 ("vague, unsubstantiated fears of retaliatory actions . . . do not permit a plaintiff to proceed under a pseudonym").

John Doe #5, similar to John Doe # 2, avers that he has previously "protest[ed] the vaccination [program]," and that his current leaders "are fully aware" of this.  Zaid Decl. ¶ 11(c). Moreover, his fear of future retaliation is entirely speculative.  *See id.*; *Qualls*, 228 F.R.D. at 8. Finally, Jane Doe #1 avers that her commander's faith in her "will be drastically diminished if he discovers his trusted advisor is party to this action."  Zaid Decl. ¶ 11(d).  Again, this is precisely

the type of fear that was rejected in *Qualls*. *See* 228 F.R.D. at 12 (job-related economic harm insufficient); *id.* (fear of embarrassment insufficient).[1]

In sum, the declarations submitted by Plaintiffs establish no more than was established by the plaintiffs in *Qualls*, and fall far short of the standard for the "rare dispensation" (*United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (per curiam)) of pseudonymous litigation.

## II. Identification of Plaintiffs Will Not Force Them To Admit Engaging in an Unlawful Act or Lead DoD to "Strip Them of Standing"

Plaintiffs' Reply Brief is predicated almost entirely upon their contention that their identification could cause DoD to order Plaintiffs to undergo vaccination. *See* Pls. Reply at 3-6. Such an order, Plaintiffs contend, would require Plaintiffs to disobey, thus engaging in an unlawful act, and leading to a court martial which would deprive Plaintiffs of standing. *See id.* In addition to being based on nothing more than unsupported speculation and conjecture, this reasoning makes no logical sense.

A Plaintiff only has standing if he or she has been ordered to undergo vaccination or imminently will be ordered to undergo vaccination. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)(a plaintiff's injury must be "actual or imminent, not conjectural or hypothetical"). If a Plaintiff is facing an imminent order to undergo vaccination, then DoD cannot retaliate by giving an order that was imminent anyway. And, if a Plaintiff is not facing an imminent order, then he or she has no standing and should not be prosecuting this case.

---

[1] Plaintiffs have not even attempted to provide information pertaining to John Doe # 4. Thus, he should quite clearly be required to identify themselves or dismiss their claims. Additionally, the claims of John Doe #1 should be dismissed because he has decided not to participate in the litigation. *See* Zaid Decl. ¶ 12.

If a Plaintiff is given an order to undergo vaccination, his or her options are to (1) obey; (2) disobey; or (3) seek preliminary relief from this Court. Identifying Plaintiffs will not change those options. Indeed, Plaintiffs here are in no different situation than the plaintiffs in *Qualls*, where, as here, Plaintiffs challenged military orders that they claimed were unlawful. *See* 228 F.R.D 8. There, the court ruled that the plaintiffs could not proceed pseudonymously. *Id.* at 13. This case is not at all similar to the other cases relied on by Plaintiffs. Those cases recognized that pseudonymous litigation may be appropriate where "the issues involved are matters of a sensitive and highly personal nature such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979) (quotations and footnotes omitted).[2] These cases do not support the contention pseudonymous litigation is appropriate for military personnel challenging DoD policy or orders, and *Qualls* squarely rejects this as a basis for pseudonymous litigation.

### III. Defendants' Access to the Identities of Plaintiffs Is a Matter of Basic Fairness

Plaintiffs' assertion that Defendants face "minimal risk or prejudice" from Plaintiffs' pseudonymous litigation is simply wrong. Pls. Reply at 6. Binding precedent holds that, as permitting a plaintiff to withhold his identity from the defendant "seriously implicates due process," "[b]asic fairness dictates that those among the defendants' accusers who wish to participate as individual party plaintiffs must do so under their real names." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463-64 (D.C. Cir. 1995) (per curiam) (quotation and alteration

---

[2] The *Southern Methodist* court *rejected* the plaintiffs' attempt to proceed pseudonymously, holding that fear of retaliation was not a sufficient basis. 599 F.2d at 713.

omitted).

The D.C. Circuit's admonition applies here as it does in any case. Plaintiffs seek to mount a broad challenge in the judiciary to both FDA practice and DoD policy.[3] Of course, a most basic fundamental principle of our Constitutional structure requires that such an attack be permitted only where an Article III Court has proper jurisdiction. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976)). And, a core requirement of the case or controversy requirement is the plaintiff's obligation to establish standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Establishing standing requires, *inter alia*, that a plaintiff's alleged injury must be "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (quotations omitted). Thus, in order for a Plaintiff here to challenge the permissibility of mandatory vaccination, he or she must establish, not simply that he or she may at some point be ordered to undergo vaccination, but that he or she has or *imminently* will be ordered to undergo vaccination. In order for Plaintiffs to establish this imminence, and for Defendants to test Plaintiffs' contentions, it is essential that Plaintiffs' identities be revealed.[4]

---

[3] In this respect, this case is analogous to *Qualls*, where the plaintiffs challenged the validity of DoD's Stop Loss program. *See* 228 F.R.D. at 9. In that case, of course, the court forbade the plaintiffs from pursuing their policy challenge pseudonymously. *See id.* at 13.

[4] Plaintiffs' submission casts doubt on whether the Plaintiffs are imminently to be ordered to undergo vaccination. For example, Jane Doe #1 reportedly has "been selected . . . to attend a graduate course." Zaid Decl. ¶ 11(d). As such, it seems unlikely that she is imminently to be deployed in a region where the mandatory Anthrax Vaccination Immunization Program applies. Indeed, there is no indication that any of the military Plaintiffs described in Mr. Zaid's

Plaintiffs' Complaint also alleges that DoD has followed a vaccination sequence that is inconsistent with the vaccine's FDA approved labeling. *See* Compl. ¶ 98. As described in Defendants' Motion to Dismiss, Plaintiffs have not even *alleged* facts sufficient for standing on this count. *See* Docket No. 15, Argument Part II. However, if Plaintiffs amend their Complaint (or if the Court disagrees with Defendants' standing argument in their Motion to Dismiss), it would be crucial for Defendants to know the identities of Plaintiffs in order for Defendants to ascertain what specific, allegedly illegal, shot sequence is being challenged. *See Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 n.2 (10th Cir. 1989) ("To permit this case to progress in this manner would deny the defendants any ability to defend against the claims against them, as it is virtually impossible to determine the precise activities of which plaintiffs complain.").

Finally, knowledge of Plaintiffs' identities is crucial for Defendants to respond to Plaintiffs' class action allegations. While Plaintiffs contend that class certification may not be necessary, it is Plaintiffs who chose to bring this case as a putative class action. *E.g.*, Compl. ¶ 4 ("This action is brought by the plaintiffs, on their own behalf and on behalf of the class of all others similarly situated."). And, it is Plaintiffs who have alleged (1) that their claims are "typical of the claims of the class," (2) that there "is no conflict as between the plaintiffs and other members of the class," and (3) that Plaintiffs "are able to and will fairly and adequately protect the interests of the class." *Id.* ¶¶ 8-9. As Plaintiffs have made these issues part of this

---

declaration have military assignments or military deployment orders that would bring them under the mandatory vaccination program. Even Plaintiffs' description of their alleged standing is highly equivocal, stating that "[e]ach of them *potentially* faces in the future or faces now inoculation with the vaccine." Pls. Reply, at 7 n.4 (emphasis supplied).

case, Defendants are entitled to the information necessary to analyze the accuracy of Plaintiffs' allegations and the Plaintiffs' suitability to represent a class. This requires that Defendants know the identities of the would-be class representatives.

## CONCLUSION

For the reasons stated above and in Defendants' Opposition, Plaintiff's John Doe Motion should be denied.

March 13, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director


   /s/ Jeffrey M. Smith
JEFFREY M. SMITH (Bar No. 467936)
Trial Attorney
United States Department of Justice
20 Massachusetts Ave., N.W., Room 7144
Washington, D.C. 20001
Tel: (202) 514-5751
Fax: (202) 616-8202

*Counsel for Defendants*