UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN DOE #1, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 06-2131 (EGS) |
| v. | ) |
| | ) |
| ANDREW C. VON ESCHENBACH, | ) |
| Commissioner, Food and Drug | ) |
| Administration, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This lawsuit was filed on December 13, 2006, by four members of the U.S. Armed Forces and two federally employed civilians to challenge the renewed implementation of the Department of Defense's Anthrax Vaccination Immunization Program based on the approval of the defendant Food & Drug Administration ("FDA"). Plaintiffs designated this case as related to *Doe v. Rumsfeld*, 341 F. Supp. 2d 1 (D.D.C. 2004), *appeal dismissed as moot by* 172 Fed. Appx. 327 (D.C. Cir. 2006) (hereinafter referred to as "Anthrax I"). In *Anthrax I*, a case in which the plaintiffs also challenged the Department of Defense's Anthrax Vaccination Immunization Program, the only matter remaining before the Court is the plaintiffs' motion for attorneys' fees. For this reason, defendants object to the related case designation.

**ANALYSIS**

The general rule requiring random assignment of cases "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000). In some cases, however, the interests of judicial economy served by the related case rule, Local Civil Rule 40.5, outweigh the fundamental interests served by the random assignment rule. *Id.* Rule 40.5 allows "related cases" to be assigned to the same judge when they "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3). In order to be related, the earlier case must be "still pending on the merits." *Id.* Additionally, a case is "deemed related where a case is dismissed, with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter." LCvR 40.5(a)(4).

When a party notifies the Clerk of a related case at the time of filing, the Clerk assigns the case to the judge to whom the older related case is assigned. LCvR 40.5(c)(1). Where a party objects to a designation that cases are related, the question is determined by the judge to whom the case is

assigned. LCvR 40.5(c)(3). The party who seeks to avoid random assignment bears the burden of showing that the cases are related under Rule 40.5. *Tripp v. Executive Office of the President*, 194 F.R.D. 340, 342 (D.D.C. 2000).

This case is not related to *Anthrax I* under Rule 40.5(a)(3) because *Anthrax I* is no longer "pending on the merits." Although, the motion for attorneys' fees is still pending in *Anthrax I*, litigation over attorneys' fees is not generally considered to be part of the merits of a case. *See Kaseman v. Dist. of Columbia*, 444 F.3d 637, 641 (D.C. Cir. 2006) ("a request for statutory attorneys' fees raises issues 'collateral to' yet 'separate from' the merits of a case"). Thus, in rejecting a related-case designation to an earlier case where the court had approved a consent decree, a colleague on of this Court stated that "[t]o conclude otherwise would allow plaintiffs to file related cases for years afterwards so long as the court retained jurisdiction to consider attorneys' fees applications . . . ." *Keepseagle v. Glickman*, 194 F.R.D. 1, 2 (D.D.C. 2000). In addition, the court noted that, "except in unusual circumstances, a case cannot still be pending on the merits in the district court once an appeal has been properly taken because the case would not be appealable absent a final judgment." *Id.* at 3. *Anthrax I* was properly appealed after this Court's 2004 opinion and order entering an injunction, which further demonstrates that

3

*Anthrax I* is no longer pending on the merits.

Plaintiffs' counter-argument is that *Anthrax I* should still be considered to be pending on the merits because defendants' opposition to the request for attorneys' fees rests in part on the argument that defendants' position was "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). Plaintiffs thus argue that the attorneys' fees motion will "relitigate" the merits of the case. Plaintiffs' argument fails because the question of substantial justification is not the same as the actual merits of the case. *See Taucher v. Brown-Hruska*, 396 F.3d 1168, 1173 (D.C. Cir. 2005) ("The statutory structure assumes that the government can lose on the merits and nevertheless be found to have taken a substantially justified position."). Therefore, *Anthrax I* is not still pending on the merits.

This case is also not related to *Anthrax I* under Rule 40.5(a)(4), the second and less common relation provision, because *Anthrax I* was not dismissed. Even if, as plaintiffs argue, this case can be considered to have the same parties and the same subject matter as *Anthrax I*, Rule 40.5(a)(4) is inapplicable because *Anthrax I* has not been dismissed; as discussed, it is still ongoing.

**CONCLUSION**

For the foregoing reasons, defendants' objection to plaintiffs' related case designation is sustained, and it is

hereby **ORDERED** that this case is transferred to the Calender Committee for random reassignment.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            June 7, 2007**