# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE # 1, *et al.*,      ) | |
|      ) | |
| Plaintiffs,      ) | |
|      ) | |
| v.      ) | Civil Action No. 06-2131 (RMC) |
|      ) | |
| ANDREW C. VON ESCHENBACH,      ) | |
| Commissioner Food and Drug      ) | |
| Administration, *et al.*,      ) | |
|      ) | |
| Defendants.      ) | |
|      ) | |

## MEMORANDUM OPINION

Plaintiffs are anonymous military personnel, Department of Defense ("DoD") civilian employees, and/or DoD contractors whom DoD has determined to be at risk of exposure to anthrax. Plaintiffs filed this suit to challenge the Food and Drug Administration's determination, a December 19, 2005 Order that Anthrax Vaccine Adsorbed ("AVA") is safe and effective and not misbranded. *See* 70 Fed. Reg. 75,180. Plaintiffs also challenge the DoD's decision to reinstate mandatory inoculations. Plaintiffs seek to proceed pseudonymously in this action. *See* Mot. for Leave to File Compl. using "John Does" and "Jane Does," Dkt. # 1. Acting Chief Judge Lamberth permitted the complaint to be filed with Plaintiffs named as Does, "without prejudice to further consideration by the assigned judge . . . if the defendants file an opposition . . . ." Order filed Dec. 14, 2006 [Dkt. # 2]. Defendants filed such an opposition on January 5, 2007; Plaintiffs replied on February 20, 2007; and Defendants were permitted to file a sur-reply which was filed March 13, 2007. This case

was recently assigned to this Court,[1] and the issue of whether to permit the Plaintiffs to proceed anonymously remains pending.

In support of their claim that they should be permitted to proceed pseudonymously, the two co-counsel for Plaintiffs, Mark Zaid and John Michels, Jr., filed affidavits. The affidavits indicate that Plaintiffs fear retribution if they are named. They fear they will be labeled unpatriotic, denied advancement, assigned to less desirable duty, subjected to discipline, or dishonorably discharged. Pls.' Reply, Ex. 1 Zaid Aff. & Ex. 2 Michels Aff. Through the affidavits, counsel indicate that they and Plaintiffs have known others who were retaliated against due to opposition to the DoD's vaccination program, but the names of such individuals or other identifying information were not submitted. Only one of the Plaintiffs, John Doe # 5, indicated that he personally had been retaliated against. He alleges that he was previously grounded from his military flying position due to his previous objection to the anthrax immunization program. Zaid Aff. at 6. He asserts that it was seven years before he could find a military unit willing to hire him again, and that the unit did so only because they believed the anthrax program was no longer an issue. *Id.*

The Federal Rules of Civil Procedure and the Local Rules require that complaints state the names of the parties. Fed. R. Civ. P. 10(1) & LCvR. 5.1(e)(1). Disclosure of the parties'

---

[1] Judge Sullivan handled an earlier case, *Doe v. Rumsfeld*, 341 F. Supp. 2d 1 (D.D.C. 2004), which also challenged DoD's anthrax immunization program. In that case, the court enjoined defendants from inoculating service members, finding that the vaccine was not properly licensed since the FDA failed to allow public comment. The court only addressed this procedural issue; it declined to decide any substantive issues. The FDA reopened the comment period, and then promulgated the December 19, 2005 Order at issue here. On June 7, 2007, Judge Sullivan determined that because the only issue remaining in the earlier case was attorney fees, this case should not be designated as a "related case" and it should be returned to the Calendar Committee. The case was then assigned to this Court. The defendant in *Doe v. Rumsfeld* did not challenge the plaintiffs' anonymous designation.

identities furthers the public interest in knowing the facts surrounding judicial proceedings. *Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005).  Even so, it is within the discretion of the district court to grant the "rare dispensation" of anonymity.  *U.S. v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).  Pseudonymous litigation has been permitted where the issues are "matters of a sensitive and highly personal nature such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979).  The district court has a duty to consider the impact of a plaintiff's anonymity on both the public interest in open proceedings and on fairness to the defendant.  *Microsoft*, 56 F.3d at 1464.  *See also Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 490-92 (1975) (the public has a legitimate interest in access to court proceedings).

To determine whether a plaintiff should be permitted to proceed under a pseudonym, the court must "balance the presumption of openness with [the] plaintiff's privacy rights." *Yacovelli v. Moeser*, No. 02-596, 2004 WL 1144183, at * 6 (M.D.N.C. May 20, 2004).  Factors to consider include:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> (3) the ages of the persons whose privacy interests are sought to be

protected;[2]

(4) whether the action is against a governmental or private party;[3] and

(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James v. Jacobson*, 6 F.3d at 238).[4]

A request to proceed anonymously was recently denied in this district in *Qualls v. Rumsfeld*, 228 F.R.D. 8 (D.D.C. 2005). The plaintiffs in *Qualls* were soldiers serving in Iraq or en route to Iraq whose terms of service were involuntarily extended by the DoD's Stop Loss program. They claimed that if they were named that they could be subject to retaliation including physical harm. The plaintiffs submitted affidavits of three unrelated third parties which alleged retaliation or bias against military personnel who speak out against the President, the Iraq War, or war in general. The court rejected the plaintiffs' request to proceed as John Does, finding that they did not meet their burden of demonstrating a legitimate basis. The court emphasized that the affidavits did

---

[2] Courts even have permitted children to proceed anonymously while at the same time denying their parents that option. *Yacovelli*, No. 02-596, 2004 WL 1144183, at * 7 (citing *Doe v. Santa Fe Indep. Sch. Dist.*, 933 F. Supp. 647, 651-52 (S.D. Tex. 1996)).

[3] "When a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Yacovelli*, No. 02-596, 2004 WL 1144183, at * 8.

[4] In *James*, the Fourth Circuit found that the district court abused its discretion in denying an anonymity request. In that case, Mr. and Mrs. James brought a malpractice suit against a doctor who, when providing artificial insemination to Mrs. James, used his own sperm instead of that of Mr. James. 6 F.3d at 235. Mr. and Mrs. James sought to proceed under a pseudonym to protect their young children. *Id.* The Fourth Circuit found that the district court improperly denied the anonymity request because the court relied on a general disapproval of anonymity at trial and failed to balance the relevant factors. *Id.* at 242. The court of appeals remanded for reconsideration. *Id. See also Yacovelli*, No. 02-596, 2004 WL 1144183, at *6 (university students permitted to proceed anonymously against university on Establishment Clause claim).

not allege potential physical harm and they did not discuss the individual plaintiffs' situations. Further, the court noted that "bringing litigation can subject a plaintiff to scrutiny and criticism and can affect the way [a] plaintiff is viewed by coworkers and friends, but fears of embarrassment or vague, unsubstantiated fears of retaliatory actions by higher-ups do not permit a plaintiff to proceed under a pseudonym." *Id*. at 12.[5]  The court emphasized the public interest in full access to the courts as well as the need to encourage suits by the most "zealous, passionate, and sincere litigants, those who are willing to place their personal and public stamp of approval upon their causes of action." *Id*. at 13.

Plaintiffs point out that they fear retaliation and that their identity is not an issue with regard to their claim challenging the FDA's December 19, 2005 Order.  The Court agrees. Nonetheless, the presumption of openness outweighs the interests presented by the Plaintiffs in support of their request to proceed pseudonymously.  First, in this Circuit such a request should be granted only in rare instances. *Microsoft Corp.*, 56 F.3d at 1464. Second, the public has a legitimate interest in open proceedings. *Cox Broad. Corp.*, 420 U.S. at 490-92.  Third, Plaintiffs' fears of retaliation are vague and unsubstantiated.  The only person that Plaintiffs actually identify who has been subject to retaliation allegedly based on his objection to the anthrax vaccine is John Doe #5, and he alleges that he was retaliated against more than seven years ago. As *Qualls* instructs, "vague,

---

[5] Speculative harm as a basis for allowing a case to proceed anonymously was also rejected in *Doe v. Beaumont Indep. Sch. Dist.*, 172 F.R.D. 215 (E.D. Tex. 1997).  There, the court held that parents who sought to challenge school-sponsored religious exercises were not entitled to an order protecting their identities.  "Plaintiffs' argument here rests largely on the history of violence and other reprisals against children and their families who have elsewhere challenged school-sponsored religious exercises.  This Court finds this type of 'it has happened before, therefore it might happen here' argument to be insufficient to justify a protective order concealing Plaintiffs' identities." *Id*. at 217.

unsubstantiated fears of retaliatory actions by higher-ups do not permit a plaintiff to proceed under a pseudonym." *Accord Beaumont Indep. Sch. Dist.*, 172 F.R.D. at 217 ('it has happened before, therefore it might happen here' argument found to be insufficient). Further, the threat of economic harm alone, such as that alleged here, does not generally permit a court to let litigants proceed anonymously. *Qualls*, 228 F.R.D. at 12. Moreover, the Affidavits do not allege retaliation for filing a lawsuit. Under *Qualls*, this is insufficient. "[W]hile each declaration alleges retaliation or bias against free-speaking military personnel and their families, none alleges retaliation in connection with bringing suit in court." 288 F.R.D. at 11.

Finally, the concern for fairness to DoD as a defendant militates in favor of identification of Plaintiffs. DoD challenges Plaintiffs' standing to bring Count IV of the Complaint. Under Count IV, Plaintiffs contend that DoD has violated 10 U.S.C. § 1107, which provides that investigational new drugs or drugs unapproved for their applied uses may not be given to members of the Armed Forces without their informed consent, unless consent is waived by the President. Count IV alleges that "DoD has been following a vaccination schedule inconsistent with the schedule required by the AVA license." Compl. ¶ 98. DoD argues in the Motion to Dismiss that "Plaintiffs allege no specific facts that could suggest that any of the Plaintiffs has been ordered to undergo vaccination under any schedule inconsistent with the AVA license" and thus that Plaintiffs have not established standing to challenge the vaccination schedule.[6] Defs.' Mot. to Dismiss [Dkt. # 15] at

---

[6] Standing to invoke the jurisdiction of the federal courts under Article III of the Constitution requires a plaintiff to show that "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)).

35.   It is impossible for DoD to litigate standing without knowing who the Plaintiffs are.   In addition, the Complaint makes class action allegations.  Compl. ¶¶ 4-11.  FDA and DoD need to identify the Plaintiffs in order to assess whether they would be adequate class representatives, whether their claims are typical of the class, and whether there is a conflict between the Plaintiffs and other members of the class.  Fairness dictates that Plaintiffs' identities be revealed.

For the reasons stated above, the Court will deny Plaintiffs' request to proceed anonymously [Dkt. #1].  Plaintiffs shall file a notice with the Court no later than July 27, 2007, indicating how they wish to proceed:  whether they will drop out of the suit, reveal their identities, seek a certification for appeal, and/or file an amended complaint.  A memorializing order accompanies this Memorandum Opinion.


Date:   June 27, 2007                    _____/s/_____
                                        ROSEMARY M. COLLYER
                                        United States District Judge